*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *MICHAEL SHANNON,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Civil No. 08-343-P-H* |
| | ) | |
| *SARTO ANTHONY SASSEVILLE,* | ) | |
| | ) | |
| *Defendant* | ) | |

*ORDER ON DISCOVERY DISPUTE*

By letter dated September 21, 2009, counsel for the defendant notified the court that a discovery dispute had arisen between the parties regarding three witnesses identified by the defendant after the close of discovery.  I held a telephone conference on September 28, 2009, at which defense counsel informed me that he had located three out-of-state witnesses and moved orally for leave to depose them in order to offer their testimony at trial to impeach the plaintiff's expected testimony that his first memory of realizing that something bad had happened to him came during the screening of a "good touch/bad touch" video for his second-grade class.  For the reasons that follow, the defendant's oral motion is granted.

**I.  Background**

The discovery deadline in this case was July 14, 2009, and the case is on a November 30, 2009, trial list.  Report of Hearing and Order re: Discovery Dispute ("Report") (Docket No. 59) at 1.  The defendant seeks leave to take the trial depositions of the plaintiff's second-grade teacher, his school guidance counselor at the time, and the school's current principal, who was a third-grade teacher at the time.  All are expected to testify that no such video was shown to the

1

plaintiff's second-grade class.  The plaintiff objects.  I directed the parties to file simultaneous briefs presenting their positions and simultaneous replies, all of which have now been filed.

## II.  Discussion

The plaintiff first argues that the defendant may not proffer the testimony of these witnesses at trial because the defendant did not timely identify them as potential witnesses. Plaintiff's Memorandum of Law on Defendant's Request for Leave to Take Depositions After the Close of Discovery ("Plaintiff's Memorandum") (Docket No. 68) at 1-2.  But, the defendant has represented that he will offer the testimony of these witnesses only for purposes of impeachment, and impeachment witnesses need not be identified in advance.    Fed. R. Civ. P. 26(a)(1)(A)(i), 26(a)(3); *Klonoski v. Mahlab*, 156 F.3d 255, 269-70 (1st Cir. 1998) (superseded in unrelated part by rule amendment, *In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir. 2008)).

The plaintiff next contends that the testimony to be offered by these witnesses is substantive evidence, rather than impeachment evidence.  Plaintiff's Memorandum at 2-3.  This is so, he asserts, because "a central issue to be decided by the trier of fact is the veracity and accuracy of [the plaintiff's] recollections of abuse."  *Id*. at 3.  By that token, all testimony in any trial could only be substantive, because the factfinder must always assess the veracity and accuracy of any witness's testimony.

Next, the plaintiff asserts that the proposed testimony of these witnesses is substantive, depriving it of the Rule 26(a) exception, because the defendant has asserted a counterclaim for defamation and thus must prove that the plaintiff knowingly made a false statement.  *Id*. Therefore, according to the plaintiff, "testimony that the Plaintiff is fabricating events and/or knowingly making false statements goes directly to the heart of matters to be decided by the trier

of fact." *Id*. A party need not show that a witness is "fabricating events" or "knowingly making false statements" in order to impeach his or her testimony. Impeachment evidence is offered "to discredit a witness" and to "explain[] why the jury should not put faith in" another witness's testimony. *Klonoski*, 156 F.3d at 270. Nor does a claim of defamation require proof that the false statement at issue was made knowingly. *See Levinsky's, Inc. v. Wal-Mart Stores, Inc.*, 127 F.3d 122, 128 (1st Cir. 1997) (Maine law "requires a defamation plaintiff to show that the defendant acted at least negligently"). The narrow, proposed testimony at issue here, limited as it is to whether or not a video was shown, easily meets the definition of impeachment testimony and does not exhibit elements of both substantive and impeachment testimony, which the First Circuit held in *Klonoski* is not included in the Rule 26(a) exception. *Klonoski*, 156 F.3d at 270.

A closer question is presented by the plaintiff's argument that the defendant has not explained his failure to investigate the issue addressed by the proposed testimony before the discovery period expired. Plaintiff's Memorandum at 3-5.[1] I specifically directed the parties to address in their briefs the excusable neglect standard of Fed. R. Civ. P. 6(b), Report at 2, but the defendant has not done so. Sarto Sasseville's Memorandum in Support of His Request to Take Trial Depositions ("Defendant's Memorandum") (Docket No. 67), *passim*. Through his counsel, the defendant asserts that the plaintiff's mention of the second-grade video "appeared in his expert's report dated March 20, 2008[,]" *id*. at 2, and yet offers no explanation for why verifying the video only occurred to counsel after his expert, Dr. Welch, "noted a number of

---

[1] I reject the plaintiff's contention, Plaintiff's Memorandum at 4-5, that, if the defendant is allowed to take these depositions, the plaintiff must be allowed time to "track[] down, interview[], and ultimately depos[e] former school employees and/or classmates from over ten years ago," thereby "necessitat[ing] delaying the trial of this matter once again." The defendant's proposed witnesses will offer only impeachment testimony. The plaintiff is not entitled to be notified about them at all and has only had notice in this case because the defendant can only produce their testimony through deposition and not by trial subpoena. If the plaintiff elects not only to cross-examine the defendant's three impeachment witnesses but also to present testimony to rebut theirs *and* to present this testimony by deposition rather than in person, he will have to accomplish that in the time remaining before the trial as currently scheduled. Counsel for the defendant will presumably accommodate the plaintiff's desire to take such depositions, within reason.

inconsistencies in the reporting of the plaintiff" in her deposition testimony taken on the last day

of the discovery period. *Id.*[2]  The defendant's submission does discuss *Chrysler Int'l Corp. v.*

*Chemaly*, 280 F.3d 1358 (11th Cir. 2002), in which a request to take a trial deposition was

denied because the party making the request had unduly delayed to do so, with the conclusory

assertion that, in this case, "there is no question of delay[.]"  Defendant's Memorandum at 7.

Still, I am persuaded that the discovery deadline does not apply to the trial depositions

that are sought here.  *See, e.g., Charles v. Wade*, 665 F.2d 661, 664-65 (5th Cir. 1982);

*Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 353-56 (D. Colo. 2001).  Accordingly, Rule 6(b)

does not apply.  Of course, that does not mean that delay is not a factor that the court should

consider.   As in *Chemaly*, the depositions in this case are first being sought only very shortly

before trial, due to the fact that the defendant delayed in seeking them.  280 F.3d at 1360-61.

Here, the defendant offers little explanation for the delay other than the fact that there was no

reason to doubt the plaintiff's testimony until his expert testified at her deposition on the last day

of discovery.   Given the defendant's ready access to his own expert, that explanation is

unsatisfying, and nothing in the record supports a conclusion that the need to verify the video

could not have been recognized much earlier.

However, on balance, so long as these depositions are taken in a manner that does not

delay trial as currently scheduled, I conclude that they should be allowed to go forward.  The

defendant's delay in this case is not as glaring as it was in *Chemaly*, where the party seeking the

depositions waited for months after the action was filed before initiating a lengthy international

procedure required before they could be taken, and it does not appear to result from any tactical

decision by the defendant.  Because the depositions will be offered only for impeachment,

---

[2] In his September 21, 2009, letter, he merely argues that "[t]here had been no reason to doubt it."

prejudice to the plaintiff from the taking of these depositions at this late date is not a substantial factor.  *See* fn.1, *supra*.

I note that my ruling affects only the taking of the depositions, not their admissibility at trial.

### III.  Conclusion

For the foregoing reasons, the defendant's oral motion to take the trial depositions of Gina Williams, Judith Sabin, and Ann Flannery is **GRANTED.**

Dated this 3rd day of November, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge
